UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>     v.<br><br>YOSIO EDUARDO DELGADO-YONG,<br><br>                              Defendant. | NO: CR-11-6003-RMP<br><br>ORDER DISMISSING WITH PREJUDICE |

BEFORE the Court is the Defendant's Motion to Dismiss the Indictment, ECF No. 40. The Court held a hearing on the motion in Yakima, Washington, on August 9, 2011. Defendant Yosio Eduardo Delgado-Yong, who is in custody, appeared at the hearing and was represented by Assistant Federal Defender Alison Guernsey. Assistant United States Attorney James Goeke appeared on behalf of the Government. The Court has reviewed the motion, the parties' submissions related to the motion, the remaining file, and is fully apprised in the matter. This Order memorializes and supplements the Court's oral ruling.

ORDER DISMISSING WITH PREJUDICE ~ 1

## BACKGROUND FACTS

Mr. Delgado-Yong received a notice to appear ("NTA") from the Immigration and Naturalization Service on December 28, 2006. The NTA alleged that Mr. Delgado-Yong was removable because: (1) he was a non-citizen who entered without inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i) on or after May 31, 2002; and (2) he was convicted of a "controlled substance" offense on January 30, 2004, making him inadmissible under 8 U.S.C. §1182(a)(2)(A)(ii). ECF No. 41-1 at 19. Mr. Delgado-Yong appeared in response to the NTA with a group of seven other people before an Immigration Judge ("IJ") on March 21, 2007.

The IJ swore in all of the respondents and confirmed that each had received a copy of his or her NTA and a copy of legal aid and appeal forms. The IJ inquired of each individual whether he or she wanted to continue the proceedings to another day to allow time to find an attorney. Mr. Delgado-Yong elected to proceed without the benefit of counsel, as did all but one of the other respondents.

The IJ then explained that she would first review the charges in the NTA for each respondent and then proceed to potential avenues of relief. The IJ asked Mr. Delgado-Yong, through an interpreter, whether the allegations in the NTA were true, and he affirmed that they were. The IJ sustained the two charges of removability.

The IJ then addressed the group as a whole to describe various forms of relief available under the law; the IJ warned the respondents that "some may not apply in your situation" and that "others may not be available . . . if you've been convicted of certain crimes." ECF No. 43 (Audio Recording) at 21:40 to 22:07. The IJ described the relief of voluntary departure as follows:

> Another form of relief is voluntary departure. This form of relief is only granted one time by the court. If you've received voluntary departure in the past you would not be eligible for it again today. When the court grants voluntary departure under safeguards, it means that you leave in custody but in the government's records it shows you left voluntarily. A conviction for certain crimes will make you ineligible for this form of relief. And the court can, um, can deny voluntary departure as a matter of discretion if you've been ordered removed previously or you've been convicted of other crimes.

ECF No. 43 at 26:05-27:36.

The IJ then purported to review each respondent's eligibility for relief. However, her exchange with Delgado-Yong consisted of the following:

> IJ:	Mr. Delgado, because of your criminal conviction for possession of a controlled substance, the court is not inclined to grant voluntary departure in your case.
> Delgado-Yong:	OK.
> IJ:	Furthermore . . . it appears that you've been deported three times previously. Is that correct?
> Delgado-Yong:	Yes.
> IJ:	Sir, I'm going to order that you be removed to Mexico.

ECF No. 43 (Audio Recording) at 33:30 to 34:19.

At the end of the hearing, Mr. Delgado-Yong waived his right to appeal, and the IJ issued an order of removal. Mr. Delgado-Yong subsequently was deported.

ORDER DISMISSING WITH PREJUDICE ~ 3

Mr. Delgado-Yong reentered the United States and was again apprehended. The Department of Homeland Security ("DHS") reinstated his 2007 removal order on October 15, 2009.

On January 11, 2011, the Government filed an indictment charging Mr. Delgado-Yong with one count of being a deported or removed alien found in the United States in violation of 8 U.S.C. § 1326. ECF No. 1.

ANALYSIS

Defendant asserts that the indictment against him must be dismissed due to deficiencies in his underlying 2007 removal proceedings.[1] "Because the underlying removal order serves as a predicate element of [a § 1326 illegal reentry offense], a defendant charged with that offense may collaterally attack the removal order under the due process clause." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004).

*Collateral Attacks on Deportation Orders*

"[A]n alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000). A valid waiver of the right to appeal "must be both

---

[1] The Court uses the terms "removal" and "deportation" interchangeably in this Order. *See Lolong v. Gonzales*, 484 F.3d 969, 979 (9th Cir. 2007) (en banc).

ORDER DISMISSING WITH PREJUDICE ~ 4

'considered and intelligent.'" *Arrieta*, 224 F.3d at 1079 (quoting *United States v. Estrada-Torres*, 179 F.3d 776, 780-81 (9th Cir.1999)); *see also United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010). The Government bears the burden of proving valid waiver in a collateral attack of the underlying removal proceedings. *Ramos*, 623 F.3d at 680. The Court must "indulge every reasonable presumption against waiver," and "not presume acquiescence in the loss of fundamental rights." *Ramos*, 623 F.3d at 680 (internal quotation marks omitted). Moreover, "the due process inquiry focuses on whether [the defendant] personally made a 'considered and intelligent' waiver of his appeal." *United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1049 n. 8* (9th Cir.2004) (emphasis in original). A waiver is not "considered and intelligent" when "'the record contains an inference that the petitioner is eligible for relief from deportation,' but the Immigration Judge fails to 'advise the alien of this possibility and give him the opportunity to develop the issue.'" *United States v. Muro-Inclan*, 249 F.3d 1180, 1184 (9th Cir. 2001) (quoting *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)).

     To succeed on a collateral attack, a defendant must establish that: (1) he exhausted available administrative remedies; (2) the deportation proceedings deprived him of the opportunity for judicial review; and (3) the deportation order was "fundamentally unfair." 8 U.S.C. § 1326(d). A defendant need not fulfill the exhaustion requirement when an IJ fails to "inform him that he [is] eligible for

ORDER DISMISSING WITH PREJUDICE ~ 5

relief from deportation." *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1049 (9th Cir.2004). Additionally, an IJ's failure to inform a defendant of possible relief deprives him of the opportunity for judicial review. *See United States v. Ortiz–Lopez*, 385 F.3d 1202, 1204 n. 2 (9th Cir.2004).

The entry of a removal order was "fundamentally unfair" if (1) his due process rights were violated by defects in the underlying deportation proceedings, and (2) he was prejudiced by those defects. *Ubaldo–Figueroa*, 364 F.3d at 1048 (citations omitted); *Muro-Inclan*, 249 F.3d at 1184 ("When a petitioner moves to dismiss an indictment under 8 U.S.C. § 1326 based on a due process violation in the underlying deportation proceeding, he must show prejudice resulting from the due process violation"). "To establish prejudice, petitioner 'does not have to show that he actually would have been granted relief. Instead he must only show that he had a 'plausible' ground for relief from deportation." *Muro-Inclan*, 249 F.3d at 1184 (*quoting Arrieta*, 224 F.3d at 1079).

Considering this body of applicable law as a whole, the Defendant must show that: (1) the IJ who issued the 2007 removal order underlying the present charge did not inform Defendant of his apparent eligibility for relief from removal; and (2) his 2007 removal order violated due process and resulted in prejudice, rendering the removal "fundamentally unfair." *See Ubaldo–Figueroa*, 364 F.3d at 1048.

ORDER DISMISSING WITH PREJUDICE ~ 6

*Plausibility of Ground for Relief—Eligibility for Voluntary Departure*

"Voluntary departure is a form of relief that allows those who have received a notice to appear in removal proceedings to leave the United States on their own, rather than through a removal order."  KEVIN R. JOHNSON ET AL., UNDERSTANDING IMMIGRATION LAW 330 (2009).

> An immigration judge may grant voluntary departure at the beginning or at the end of removal proceedings as an alternative to issuing a removal order.  Leaving the United States through voluntary departure avoids the ten year inadmissibility ground, which is triggered with a removal order.  It also avoids reinstatement of removal actions in the event the person returns to the United States illegally.

KEVIN R. JOHNSON ET AL., UNDERSTANDING IMMIGRATION LAW at 330 (footnote citations omitted).

If an alien applies for voluntary departure before the conclusion of removal proceedings, 8 U.S.C. §1229c(a) (§240B(a) of the Immigration and Nationality Act) governs his eligibility for the discretionary relief of voluntary departure.  *See also In re Arguelles-Campos*, 22 I. & N. Dec. 811, 815-16 (B.I.A. 1999).  Section 1229c(a) requires that the alien have the means to depart the United States at his own expense and prohibits extension of the relief to an alien removable based on an aggravated felony or participation in terrorist activities.  8 U.S.C. §1229c(a)(1); 8 U.S.C. §§1227(a)(2)(A)(iii), (a)(4)(B).  To apply for voluntary departure "before the conclusion of the proceedings," a respondent "must make the request prior to

ORDER DISMISSING WITH PREJUDICE ~ 7

or at the master calendar hearing at which the case is initially calendared for a merits hearing." *Arguelles-Campos*, 22 I. & N. Dec. at 814-15.

If an alien applies for voluntary departure at the conclusion of removal proceedings, he must meet the requirements and conditions of 8 U.S.C. §1229c(b) (§240B(b) of the Immigration and Nationality Act) to secure voluntary departure. First, the alien must have been physically present in the United States for at least one year immediately preceding the date the Notice to Appear was served. 8 U.S.C. §1229c(b)(1)(A) of the Act; 8 C.F.R. § 240.26(c)(1)(i). Second, the alien must show that he is, and has been, a person of good moral character for at least five years immediately preceding the application for voluntary departure. 8 U.S.C. §1229c(b)(1)(B); 8 C.F.R. § 240.26(c)(1)(ii). Additionally, the alien may not have been convicted of an aggravated felony or be removable on national security grounds. 8 U.S.C. §1229c(b)(1)(C); 8 C.F.R. § 240.26(c)(1)(iii). The alien must also show by clear and convincing evidence that he has the means to depart the United States and intends to do so. 8 U.S.C. §1229c(b); 8 C.F.R. § 240.26(c)(1)(iv).

There is no definitive statement in the recording of the 2007 hearing at ECF No. 43 indicating whether the hearing was an individual merits hearing or a master calendar hearing. However, the Court concludes that the proceedings were individual merits hearings for the respondents rather than master calendar hearings

ORDER DISMISSING WITH PREJUDICE ~ 8

because they were recorded, as required by regulation, 8 C.F.R. § 1240.47, and consisted of adjudicatory removal proceedings rather than procedural matters. *See Zhang v. Gonzales*, 432 F.3d 339, 346, note 5 (5th Cir. 2005) (noting that an individual hearing follows the initial master calendar hearing and is the point at which "the alien and government counsel are afforded an opportunity to argue the merits of the case" before the IJ issues a decision on the merits of an alien's claims, typically at the end of the individual hearing).

There is no evidence before the Court that indicates that the Defendant was informed of his eligibility for either pre- or post-conclusion voluntary departure relief. *Ramos*, 623 F.3d at 680. To the contrary, the record demonstrates that the IJ did not inform Mr. Delgado-Yong of his apparent eligibility for either form of voluntary departure or allow Mr. Delgado-Yong to introduce any evidence to support a claim for voluntary departure. Therefore, the 2007 removal proceeding underlying Defendant's 8 U.S.C. § 1326 indictment was constitutionally defective. *See Ubaldo-Figueroa*, 364 F.3d 1048.

Second, Defendant suffered prejudice arising out of the lack of due process in his removal proceeding because, had he been informed, he could have stated a "plausible" claim for voluntary departure based on his history in the United States. *See Ubaldo-Figeuroa*, 364 F.3d at 1050. Even if post-conclusion voluntary departure would not have been a plausible remedy for Defendant because his

ORDER DISMISSING WITH PREJUDICE ~ 9

controlled substances violation would have made a finding of good moral character unlikely, the IJ's failure to inform the Defendant of his apparent eligibility for pre-conclusion voluntary departure and of the differences between pre-conclusion and post-conclusion voluntary departure violated the Defendants' procedural due process rights.  See *United States v. Frias-Flores*, No. 09-50658, 2011 WL 1229770, at *1-2 (9th Cir. Apr. 4, 2011) (IJ's failure to weigh or hear evidence on pre-conclusion voluntary departure claim rendered the removal order constitutionally defective); *Zamudio-Pena v. Holder*, No. 07-73337, 2009 WL 1396824, at *2 (9th Cir. May 20, 2009) (holding that alien's procedural due process rights were violated where IJ failed to properly inform him of his apparent eligibility for pre-conclusion voluntary departure and of the differences between pre-conclusion and post-conclusion voluntary departure, and his prior convictions precluded his eligibility for post-conclusion voluntary departure); *see also United States v. Basulto-Pulido*, No. 05-50972, 219 Fed. Appx. 717, 718-719 (9th Cir. Jan. 25, 2007) (holding that alien's procedural due process rights were violated when IJ failed to explain to him what pre-conclusion voluntary departure was or to inform him of his apparent eligibility for it at his last master calendar hearing); *United States v. Martinez-Zavala*, No. 09-cr-1774, 2009 WL 2485751 (unpublished) (S.D.Cal.2009) (holding that failure to timely advise defendant of apparent eligibility for pre-conclusion voluntary departure, and of the differences

ORDER DISMISSING WITH PREJUDICE ~ 10

between pre-and post-conclusion voluntary departure, violated his right to procedural due process).

With the due process violation and a showing of prejudice, the entry of the underlying removal orders "was fundamentally unfair" under 8 U.S.C. § 1326(d). *See Ubaldo–Figueroa*, 364 F.3d at 1048. The Court finds that an invalid removal order underlies the illegal reentry offense, which is the sole charge in the Indictment, and, therefore, the Court dismisses the Indictment. Accordingly,

///

///

///

///

///

///

///

///

///

///

///

///

///

1. Defendant's Motion to Dismiss the Indictment, **ECF No. 40**, is **GRANTED**.

2. The Indictment, filed January 11, 2011, **ECF No. 1**, is **DISMISSED WITH PREJUDICE.**

3. All other pending motions are **DENIED AS MOOT.**

4. All future court dates are hereby **STRICKEN**.

5. Defendant shall be **RELEASED FROM U.S. MARSHAL CUSTODY** immediately.

The District Court Executive is directed to enter this order and provide copies to counsel and probation and CLOSE this file.

**DATED** this 17th day of August, 2011.

                *s/ Rosanna Malouf Peterson*
                ROSANNA MALOUF PETERSON
          Chief United States District Court Judge